E-FILED
Friday, 06 June, 2008  01:45:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ILLINOIS, CITY OF )<br>PEORIA, COUNTY OF PEORIA, )<br>ILLINOIS STATES ATTORNEYS )<br>OFFICE, PEORIA COUNTY )<br>COURTHOUSE, PEORIA POLICE )<br>DEPARTMENT, BRIAN NEMENOFF, )<br>KEVIN LYONS, WILLIAM  ATKINS, )<br>LYNDEN D. SCHMIDT, KAREN )<br>MCNAUGHT, NADINE J. WICHERN, )<br>MIKE  MCCOY, STEVE )<br>SETTINGSGAAD, TERRY SHORT, JIM )<br>LUDOLPH, LARRY RYAN, HORWITZ, )<br>HORWITZ AND ASSOCIATES, LTD., )<br>VALERIE C. BARICH, BRUCE FARREL )<br>DORN AND ASSOCIATES, ERIC )<br>THOMPSON, LINDA CHAPEK, et al., )<br>)<br>Defendants. ) | Case No. 08-1009 |

# ORDER

Before the Court is Plaintiff James Neuman's Amended Complaint.  For the reasons set forth below, the Amended Complaint [#22] is DISMISSED WITH PREJUDICE.

On January 8, 2008, Defendant County of Peoria filed a Notice of Removal of this matter.  County of Peoria attached Plaintiff James Neuman's Complaint filed in the 10th Judicial Circuit Court of Illinois to its Notice of Removal.  On January 30, the Court ordered Neuman to file a "short and plain" statement of his claims because the Court could not

discern his claims for relief from the fifty-four-page state court pleading. On February 27, Neuman filed an eighteen-page response to the Court's Order (the "Response").

In his Response, Neuman stated that "Defendants conspired to deny the plaintiff his equal rights and protection under the law." Resp. at 1. He alleged a "conspiracy of all the defendants to violate 42 U.S.C. section 1981, 1982, 1983, 1985, 1986, 1987, 1988, as well as many state and federal laws." Resp. at 2. Neuman then explained in detail that he received a suspicious package in December 2005 and had damage to the brakes on his car in January 2006. Although the Response seems to allege that all named defendants were involved with these incidents. Neuman did not state, at least in no coherent manner, how these incidents deprived him of his civil rights. He devoted nearly three pages at the end of the Response to a discussion of his pending claim against the United States Court for the Central District of Illinois and alleged that the various named defendants' "violations of the law was meant to aid and abet the Central District Court." Resp. at 14.

On March 18, Neuman filed a Motion to Amend Complaint without attaching a proposed Amended Complaint. The Court granted this Motion and reminded Neuman that the Amended Complaint must comply with Rule 8 and must be served on all named parties. The Court also stated that it reserved ruling on the Motion to Remand because Neuman's Response suggested that he was asserting claims pursuant to 42 U.S.C. § 1983.

On April 8, Neuman filed a Motion to Amend Complaint, including a proposed Amended Complaint (the "First Amended Complaint"). The First Amended Complaint consists of 153 pages and is substantially similar to the original Complaint. The First Amended Complaint does not comply with the Court's Order directing a short and plain statement, does not connect any defendant's behavior to his claims, and states claims for

which there is no private right of action (for example, claims pursuant to state criminal statutes).  The First Amended Complaint also asserted claims against District Judge Joe Billy McDade, District Deputy Clerk Holly Kallister, and District Clerk John Waters.

Defendants Karen McNaught and Judge Brian Nemenoff filed a Motion to Strike the First Amended Complaint alleging that it does not comply with the Court's Orders because it is not a "short and plain" statement and does not connect the defendants to any cause of action.  Defendant County of Peoria also filed a Motion to Strike the First Amended Complaint adopting the arguments in the other Motion to Strike.

On May 8, the Court held a hearing regarding the First Amended Complaint, the Motion to Strike, and several other pending Motions.  The Court provided Neuman an opportunity to explain in open Court the factual basis for his Complaint, which included the receipt of a "suspicious" package in the mail, the receipt of medical records of a third party allegedly in violation of HIPAA, and the damage to the brake lines of his car.  Neuman admitted during the hearing that the service station personnel did not confirm that the brake line damage was caused intentionally.  The Court allowed Neuman one final attempt to amend the Complaint and warned Neuman that the Complaint must comply with Rule 8, must state how these three incidents violated the law, and must in some way connect these incidents to the named defendants.

On May 28, Neuman filed an Amended Complaint purporting to comply with the Court's Order (the "Second Amended Complaint").  The Second Amended Complaint consists of sixty pages and does not differ substantially from the original Complaint. Neuman did not include any federal employee defendants in the Second Amended Complaint.  Neuman explained in a separately-filed Motion to Remand that he removed all

references to 42 U.S.C. § 1983, and that he is not asserting claims pursuant to that statute, so that the case must be remanded to state court, but the Second Amended Complaint contains multiple references to "federal law" or "federal civil rights" as well as asserts a claim pursuant to HIPAA, a federal law. The Second Amended Complaint also references incidents involving Judge McDade, Kallister, and Waters and relates these incidents to the "conspiracy" of the named defendants.

During the course of filing these Amended Complaints, Neuman also filed two Motions to Remand, a Motion to Change Venue, a Motion for Extension of Time to Serve Summons, and several Motions detailing incidents unrelated to this litigation in which he does not request any specific relief. It appears that his pattern of behavior is intended either to vent his anger and frustrations on the Court or to engage in vexatious behavior intended to consume the resources of parties and the Court.

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The Supreme Court clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); see also 5 *Charles Alan Wright & Arthur R. Miller*, *Federal Practice and Procedure* § 1216 (3d ed. 2004) ("the pleading must contain something more by way of a claim for relief than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action").

Even with the most liberal reading of the Second Amended Complaint, Neuman does not state how the receipt of a suspicious package or damage to car brake lines is a violation of his civil rights. Neuman's recitation of numerous facts does not even create a mere suspicion that his rights might have been violated. Apart from conclusory statements that Neuman "believes" the named defendants were involved in these incidents, he states no facts from which a reasonable defendant could discern how Neuman has a cause of action against it. Therefore, Neuman's Complaint fails to comply with the minimal pleading requirements set forth in Rule 8.

Additionally, despite repeated opportunities to file pleadings that comply with Rule 8, and include the information specifically requested by the Court during the hearing, Neuman continues to ignore the Orders of this Court. As previously warned, the sanction for failing to comply with Court Orders is dismissal of the case. The Court further finds that Neuman's Second Amended Complaint is frivolous and vexatious because Neuman does not relate the incidents described to any legally cognizable cause of action and does not connect the named defendants to the incidents described.

Accordingly, the Amended Complaint [#22] is DISMISSED WITH PREJUDICE for failure to comply with Court Orders, for failure to comply with Rule 8, and as frivolous. Because this case is dismissed, the following Motions are MOOT: Motion to Change Venue [#3], Motion to Remand [#5], Motion for Extension of Time to Serve Summons [#17], Motion for Court Intervention [#20], and Motion to Remand [#21]. This matter is terminated.

ENTERED this 6th day of June, 2008.

                                        /s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge